CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

May 05, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | |
|---|---|
| **KHALID RASHID SHABAZZ,** ) | |
| Plaintiff, ) | **Case No. 7:26-cv-00224** |
| ) | |
| **v.** ) | |
| ) | **By: Michael F. Urbanski** |
| **R. PERRY, et al.,** ) | **Senior United States District Judge** |
| Defendants. ) | |

## MEMORANDUM OPINION

Khalid Rashid Shabazz, a state inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. The case is currently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed under § 1915A(b)(1).

### I.    Background

According to the complaint, Shabazz was placed in medical isolation for a four-day period in February 2025, while he was incarcerated at Pocahontas State Correctional Center (Pocahontas). Compl, ECF No. 1, at 3. When he received his personal property upon being released from medical isolation, two items were missing: an $18.96 denim shirt and a $3.60 wave cap. Id. Shabazz subsequently filed a written complaint and a regular grievance regarding the missing items. Id. The grievance was determined to be resolvable, and Shabazz was advised that he would receive a monetary refund for both missing items. Id.

Shabazz was transferred to Bland Correctional Center on May 8, 2025. Id. As of that date, he had still not received the promised refund. Id. Consequently, Shabazz wrote letters to defendants R. Bevins and R. Perry regarding the issue. Id. at 4. Shabazz alleges that Bevins, a

regional administrator for the Virginia Department of Corrections (VDOC), never responded to his correspondence and that Perry, a regional ombudsman, never attempted to assist him, even though "it was shown that prison employees were negligent in losing [his] personal property." Id. at 4–5.

In July 2025, after being transferred to Keen Mountain Correctional Center, Shabazz filed another grievance complaining about the fact that he had not been reimbursed for his missing property. Id. at 5. The grievance was reviewed by defendant V. Williams, an assistant warden at Pocahontas. Id. at 6. Williams determined that the grievance was unfounded and that prison staff members were still waiting for the refund to be processed. Id.; see also Compl. Ex., ECF No. 1-1 at 17. Shabazz appealed the grievance decision to Bevins, and Bevins determined that the grievance was resolvable. Compl. Ex., ECF No. 1-1 at 16. Bevins noted in his Level II response that Shabazz would be reimbursed for the lost or misplaced property. Id.

In November 2025, Shabazz spoke to Bevins in person and told him that he had still not received a refund for the missing property. Id. Bevins told Shabazz that he would personally "see to it" that the refund was issued. Id. Nonetheless, at the time this action was filed, nearly a year had passed since Shabazz's property had been lost or misplaced, and he had still not received a refund. Id. at 7.

Shabazz claims that he was deprived of property without due process in violation of the Fourteenth Amendment. Id. He seeks to hold Perry, Bevins, and Williams liable for the alleged constitutional violation. He alleges that the defendants "lied and falsified state

2

documents to cover up the fact that [he] was supposed to be reimbursed for his missing [or] lost property." Id. at 9.

## II.   Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or agent. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). A complaint may be dismissed for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Complaints filed by pro se litigants must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "still must contain enough facts to state a claim for relief that is plausible on its face." Thomas v. Salvation Army S. Terrace, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

## III.   Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply

3

a vehicle for vindicating preexisting constitutional and statutory rights." <u>Safar v. Tingle</u>, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

Shabazz's complaint fails to state a claim under § 1983 for at least two reasons. First, the Supreme Court has held that "a state actor's unauthorized deprivation of an inmate's prison account funds [or other property] 'does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.'") (quoting <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (5th Cir. 2020)); <u>see also</u> <u>Doe v. Montgomery Cnty.</u>, 47 F. App'x 260, 261 (4th Cir. 2002) (noting that "negligent or intentional deprivations of property by a state employee do not state a claim of constitutional magnitude when there is an adequate post-deprivation remedy"). Under the Virginia Tort Claims Act (VTCA), the Commonwealth of Virginia is liable for claims for damages resulting from "damage to or loss of property . . . caused by the negligent or wrongful act or omission of any [state] employee while acting within the scope of his employment." Va. Code § 8.01-195.3 The United States Court of Appeals for the Fourth Circuit has held that the VTCA and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. <u>See</u> <u>Wadhams v. Procunier</u>, 772 F.2d 75, 78 (4th Cir. 1985). Because adequate remedies are available under state law for the negligent or unauthorized deprivation of property by state correctional employees, Shabazz has no viable due process claim stemming from the loss of his shirt and wave cap.

4

To the extent Shabazz alleges that the defendants deprived him of due process by failing to adequately respond to his complaints and grievances regarding the promised refund, such claim is also subject to dismissal. While Shabazz is understandably frustrated, inmates do not have a federally protected interest in having grievances resolved to their satisfaction. Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005); see also Johnson v. Stone, No. 1:22-cv-00893, 2023 WL 7646510, at *3 (E.D. Va. Nov. 14, 2023) (explaining that the "mere denial of an internal complaint or grievance does not support any viable due process claim, as 'inmates have no constitutional entitlement or due process interest in access to a grievance procedure'") (quoting Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017)). Thus, the defendants' responses to his complaints and grievances did not violate any constitutionally protected right.

## IV.    Conclusion

For these reasons, the court concludes that the complaint must be dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: May 4, 2026

Michael F. Urbanski
U.S. District Judge
2026.05.04
17:50:10 -04'00'

Michael F. Urbanski
Senior United States District Judge

5